UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NYKIE WALROND

                Plaintiff,

   -*against*-

THE CITY OF NEW YORK *and*
POLICE OFFICER ROBERT VELSOR

                Defendants.

-----------------------------------------------------------------X

INDEX NO.: 17-cv-4017

**COMPLAINT**

Plaintiff Demands Trial by Jury

      Plaintiff, NYKIE WALROND, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and Police Officer ROBERT VELSOR, Shield No.: 1374, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, NYKIE WALROND, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.     Plaintiff is a United States citizen of full age and resides in New York County, New York.

6.     Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7.     Defendant Police Officer ROBERT VELSOR was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant VELSOR acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in his course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the

City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8. On or about October 23, 2016 at about 3:00 A.M. in the vicinity of W. 206th Street in Manhattan, plaintiff was arrested by defendant Police Officer ROBERT VELSOR and charged with one count of violating Administrative Code 10-131 (h)(2) (Possession of an Exposed Unloaded Rifle).

9. Upon information and belief, the "rifle" in question was actually a BB gun.

10. At no time during the course of events leading to his arrest did plaintiff possess a rifle or any other weapon or firearm for which he could be criminally charged.

11. As a result of his arrest plaintiff was imprisoned for approximately 30 hours.

12. On December 6, 2016 the single charge against plaintiff was dismissed.

## AS FOR A FIRST CAUSE OF ACTION
### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

13. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

14. At all times during the events described above defendant Police Officer ROBERT VELSOR lacked probable cause to arrest plaintiff.

15. All of the aforementioned acts of defendant VELSOR were carried out under the color of state law.

16. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §

1983.

17. The acts complained of were carried out by the defendant VELSOR in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

18. The acts complained of deprived plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from deprivation of liberty without due process of law; and

    C. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

19. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

20. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant Police Officer ROBERT VELSOR. The conduct of the defendant was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

21. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

22. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage constitutional violations of the sort described in this complaint.

23. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

24. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 05/29/2017
Brooklyn, NY

By:  /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Nykie Walrond*
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993